UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAIAH MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 21-cv-1274-MMM |
| | ) |
| CHERLYE HINTHRONE, et al., | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action alleging that Defendant Duffield, an officer at the Illinois River Correctional Center ("IRCC"), made racist comments to him in the presence of librarian Heather Daniels who did not disavow the comments. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### FACTS

On November 5, 2020, Defendant officer Duffield and librarian Daniels entered the 1B Housing Unit while Plaintiff and another inmate were discussing the upcoming presidential election. Defendant Duffield interjected, asking why African Americans would vote for

candidates Biden and Harris as they were "corrupt and racist." In response, Plaintiff criticized then-President Trump, stating that he had not spoken out against the killings of George Floyd, Breanna Taylor and other African Americans killed by police. Defendant Duffield responded that these individuals deserved to be killed and got what they deserved. Plaintiff asked Defendant librarian Daniels whether she shared these opinions and she merely laughed and smiled.

That is the substance of Plaintiff's complaint for which he requests money damages as compensation for mental and emotional pain and suffering, and that staff be required to undergo sensitivity training.

## ANALYSIS

Plaintiff does not identify any particular constitutional right he believes to have been violated, and the Court construes his complaint to allege that Defendant's racist statements amounted to cruel and unusual punishment under the Eighth Amendment. In general, verbal abuse and harassment are considered *de minimus* and do not rise to the level of a constitutional violation. *Ingraham v. Wright,* 430 U.S. 651, 674 (1977). Even racial slurs are not found to violate the Constitution. *Dobbey v. Illinois Department of Corrections,* 574 F.3d 443, 445–446 (7th Cir. 2009) (guard's hanging of noose in front of black prisoners did not state a claim). *See also, DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). "Precedent from this circuit as well as others supports [that] [t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution." (citing *Patton v. Przybylski,* 822 F.2d 697, 700 (7th Cir.1987); *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.)).

Plaintiff fails to state a cognizable claim against Defendant Duffield and cannot do so under these facts. As the Court will dismiss the complaint with prejudice, it need not address

Defendant Daniel's alleged failure to disavow Defendant Duffield's statement. The Court further, need not consider Defendant Hinthorne, who Plaintiff has named in the caption but against whom he has pled no claims. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998) (merely naming a defendant in the caption is insufficient to state a claim.)

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the complaint would be futile as these facts cannot support a constitutional violation. This case is therefore closed. All pending motions and internal settings and deadlines are VACATED. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) Plaintiff must still pay the full docketing fee of $402 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee regardless of the outcome of the appeal.

_1/27/2022_                                 _s/Michael M. Mihm_
ENTERED                                     MICHAEL M. MIHM
                                             UNITED STATES DISTRICT JUDGE